NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------
                                                :
Cathay Bank,                                    :
                                                :
    Plaintiff,                             :        Civ. No. 06-1971 (DRD)
                                                :
    v.                                      :
                                                :
Inchon, LLC, et al.,                            :        **O P I N I O N**
                                                :
    Defendants                              :
                                                :
---------------------------------------------------------

Barbara Parlin, Esq.
Peter A. Zisser, Esq.
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007

*Attorneys for Plaintiff*


B. Michael Rubinstein, Esq.
20 Northfield Avenue
West Orange, New Jersey 07052

*Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

### I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff, Cathay Bank, filed a complaint against Defendants, Inchon, LLC and Viatcheslav Stekalov, alleging claims arising from two loan agreements in which Plaintiff agreed to lend Inchon up to $980,000. Plaintiff's Complaint states that Inchon defaulted on the loans "and is currently obligated to Cathay in the aggregate amount of $824,659.47, consisting of principal in the amount of $786,041.28, interest in the amount of $35,304.39, and late fees in the amount of $3,313.80." (Compl. ¶ 15). The Complaint further states that Mr. Strekalov is personally liable for the amount owed to Cathay because he, as Inchon's principal, signed a Commercial Guaranty, personally guaranteeing all amounts loaned to Inchon under the aforementioned loan agreements.

Both loan agreements contain an arbitration clause stating that "[t]he Lender, the Borrower, and the Guarantor agree that all disputes, claims and controversies between them . . . arising from [the loan] Agreement . . . shall be arbitrated pursuant to the Rules of the American Arbitration Association . . . ." (Compl. Exs. A & B).

Plaintiff filed its Complaint on April 27, 2006. Defendants filed their Answer on June 6, 2006. The Answer specifically identified 15 different affirmative defenses and additionally stated that "defendants assert each and every affirmative defense set out in [FED. R. CIV. P.] 8, including but not limited to, those listed above herein." (Answer ¶ 61). Although FED. R. CIV. P. 8(c) includes arbitration in its list of affirmative defenses, Defendants's did not assert their right to arbitrate among the 15 affirmative defenses that were specifically identified in their Answer.

On June 26, 2006 Plaintiff filed a motion for summary judgment. Defendants responded to that motion on July 20, 2006 with a motion to dismiss in which they argue, for the first time, that Plaintiff must seek relief through arbitration. Presently before the court are Plaintiff's motion for summary judgment and Defendants' motion to dismiss. For the reasons set forth below, Defendants' motion will be granted and Plaintiff's motion will be dismissed as moot.

## II.  DISCUSSION

**Standard for Dismissal**

A motion that seeks to compel arbitration of a claim is treated as a motion to dismiss for failure to state a claim. Palcko v. Airborne Express, Inc., 372 F.3d 588, 597-98 (3d Cir. 2004). Dismissal of a complaint for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73. Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).

**Defendants' right to arbitration**

FED. R. CIV. P. 8(c) states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, [etc.] . . . and any other matter constituting an avoidance or affirmative defense." "Ordinarily, "a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case.'" Mooney v. City of New York, 219 F.3d 123, 127 (2d

3

Cir. 2000).

However, "waiver of arbitration rights 'is not to be lightly inferred' by federal courts." Palcko, 372 F.3d at 598.

> Congress enacted the [Federal Arbitration Act] "to ensure judicial enforcement of privately made agreements to arbitrate," rather than restrict the force of arbitration agreements. The Supreme Court has stated that "passage of the Act was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered, and [courts] must not overlook this principal objective when construing the statute, or allow the fortuitous impact of the Act on efficient dispute resolution to overshadow the underlying motivation."

Palcko, 372 F.3d at 595 (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219-20 (1985)).

> Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring arbitration for dispute resolution. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."

Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir. 1985) (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983)).

"[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992). In other words, "waiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated." Rush, 779 F.2d at 887.

In Gavlik Constr. Co. v. H.F. Campbell Co., 526 F.2d 777 (3d Cir. 1975), the United States Court of Appeals for the Third Circuit stated that "merely answering on the merits,

4

asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver." However, one's right to arbitrate has been deemed waived "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." Id. at 783.

In Gavlik, the court determined that the defendant had not waived arbitration because it moved for a stay pending arbitration immediately after removing the action to federal court. On the other hand, in Hoxworth, the court held that defendants waived arbitration because they

> participated in numerous pretrial proceedings during the more than eleven months before [moving] to compel arbitration. [Moreover, they] filed a motion to dismiss the complaint . . . and a motion to disqualify plaintiffs' counsel; they took the deposition of each of the named plaintiffs, depositions that would not have been available in arbitration; they took the deposition of John Cox, which prompted in turn a motion by plaintiffs to protect their right to depose Cox in the future; they inadequately answered plaintiffs' discovery requests, prompting plaintiffs to file two motions to compel the production of documents and answers to interrogatories, which defendants opposed; and they later moved for a stay of discovery. In addition, defendants consented to the district court's first pretrial order consolidating the three class actions, and they filed a lengthy memorandum in opposition to plaintiffs' motion for class certification. Only . . . after defendants' motion to dismiss the complaint was denied and plaintiffs' motion to compel discovery was granted, did [one of the defendants] file its motion to compel arbitration.
>
>    Plaintiffs . . . characterized the prejudice they suffered from defendants' failure to raise arbitration promptly as twofold: plaintiffs devoted substantial amounts of time, effort and money in prosecuting the action, while defendants were able to use the Federal Rules to conduct discovery not available in the arbitration forum.

Hoxworth, 980 F.2d at 925-926.

Unlike the plaintiffs in Hoxworth, Plaintiff in this case has failed to show any significant prejudice. Although Defendants did not raise the issue of arbitration in their Answer, filed on June 6, they raised it approximately 45 days later in a motion to dismiss. In the meantime,

Plaintiff expended limited time and resources in preparing a motion for summary judgment but, unlike the plaintiffs in Hoxworth, did not engage in any discovery and was not forced to contest any motions filed by Defendants. Thus, Plaintiff has failed to show that it has suffered any significant adverse effects during the brief 45 day period since Defendants filed their Answer.

As prejudice is the touchstone for determining whether the right to arbitrate has been waived, and in light of the strong federal policy favoring arbitration, Defendants' motion to dismiss will be granted such that the dispute can be resolved through arbitration.

### III.  CONCLUSION

Defendants' motion to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice. Plaintiff's motion for summary judgment will be dismissed as moot. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        August 14, 2006